IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Withrow,                                    Case No. 1:14CV1079

          Petitioner

  v.                                                              **ORDER**

Ernie Moore, Warden,

          Respondent

This is a state prisoner's habeas corpus case under 28 U.S.C. § 2254.

In 2010, a jury in the Common Pleas Court of Ashtabula County, Ohio, convicted the petitioner, Christopher Withrow, of aggravated murder and aggravated robbery. The trial court sentenced him to life imprisonment, with parole eligibility after thirty years. *State v. Withrow*, 2012-Ohio-4887 (Ohio App.).

The Court of Appeals of Ohio affirmed the convictions and denied Withrow's application to reopen his direct appeal.

Pending is Magistrate Judge Baughman's Report and Recommendation, which recommends I deny relief. (Doc. 8)

The Magistrate Judge concluded Withrow defaulted his first two claims (sufficiency of the evidence and admission of unduly suggestive identification testimony) by not raising them in the Ohio Supreme Court on direct appeal. Magistrate Judge Baughman then determined Withrow's one preserved claim – ineffective assistance of appellate counsel – failed on the merits.

Withrow has filed an objection (Doc. 11) that does not address any of the grounds Magistrate Judge Baughman gave for recommending denial of the petition.

Rather, Withrow notes that the Magistrate Judge, in rejecting his claim appellate counsel was ineffective for not arguing more strenuously that the convictions were against the manifest weight of the evidence, observed that "[m]anifest weight issues are not federal issues, they are state issues. However, given that Withrow is proceeding *pro se*, I will read his brief as if he had argued a sufficiency of the evidence issue[.]" (Doc. 8 at 28 n.133).

Seizing on those lines, Withrow then presents eighteen pages of argument as to why the evidence was insufficient to convict. (Doc. 11 at 2-19).

I will overrule this objection for two reasons.

First, the Magistrate Judge did not reach the merits of Withrow's sufficiency claim, having concluded – quite correctly, in my view – Withrow defaulted the claim, and that there was no basis to excuse the default. (Doc. 11 at 16-17). Yet Withrow's objection does not address that threshold question, and he has therefore "waiv[ed] . . . a de novo determination by the district court of [that] issue." *Amison v. Legg*, 2015 WL 853526, *1 (N.D. Ohio) (Lioi, J.); *see also Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Second, to the extent Withrow objects to Magistrate Judge Baughman's rejection of the appellate-counsel claim, such an objection would have no merit.

The Court of Appeals rejected this claim on the merits when it denied Withrow's application to reopen his appeal, thereby triggering the relitigation bar in 28 U.S.C. § 2254(d). According to the court, Withrow:

> argues that former appellate counsel rendered deficient representation when the "total evidentiary analysis (manifest weight and sufficiency) totaled <u>one paragraph</u>

> – without a single citation to the record, or statutory reference to a criminal offense." As discussed above . . . despite former appellate counsel's meager briefing on the evidentiary issues, this court engaged in a careful and thorough analysis of the manifest weight issue. As a result, our determination that Mr. Withrow's convictions were supported by the weight of the evidence would remain unchanged should he have a chance to re-brief and re-argue the issue. We can find no prejudice in appellate counsel's failure to more fully develop the manifest weight argument.

(Doc. 6-32 at 4-5).

My review of the state court's opinion on direct review confirms the Magistrate Judge's finding that, whatever the state of appellate counsel's brief, the court nevertheless "engaged in an extensive review of the record." (Doc. 8 at 29).

It acknowledged the case against Withrow was entirely circumstantial, and that no physical evidence linked him to the crime scene. *Withrow*, *supra*, 2012-Ohio-4887, ¶¶67-68.

But the court also recognized the prosecution had adduced evidence that: 1) Withrow told a friend he had killed the victim; 2) two witnesses saw Withrow near the victim's apartment around the time the murder had occurred; 3) one witness had observed blood on Withrow's shoe laces and a $20 bill Withrow was carrying; and 4) Withrow gave inconsistent statements to law enforcement as to when he had last seen the victim.

Given the state court's awareness of the evidence both supporting and detracting from the jury's verdict, there is little reason to believe a better brief would have led the court to hold Withrow's convictions were against the manifest weight of the evidence.

I therefore agree with Magistrate Judge Baughman the state appellate court's holding Withrow suffered no prejudice was neither contrary to, nor involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).

It is, therefore,

3

ORDERED THAT:

1. Withrow's objection (Doc. 11) be, and the same hereby is, overruled;

2. Magistrate Judge Baughman's Report and Recommendation (Doc. 8) be, and the same hereby is, adopted as the order of the court;

3. Withrow's petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied; and

4. No certificate of appealability will issue, as Withrow has not made a substantial showing of the denial of a constitutional right.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge